UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID VINCENT ALSTON,<br><br>                Plaintiff,<br><br>-against-<br><br>SUSAN D. WIGENTON; MICHAEL A.<br>CHAGARES; THE JUDICIAL COUNCIL<br>OF THE 3RD CIRCUIT,<br><br>                Defendants. | 25-CV-4595 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Bound Brook, New Jersey, brings this *pro se* action alleging that Defendants violated his federal constitutional rights in Newark, New Jersey and Philadelphia, Pennsylvania. Named as Defendants are Judge Susan D. Wigenton of the United States District Court for the District of New Jersey, Chief Circuit Judge Michael Chagares of the United States Court of Appeals for the Third Circuit, and the Judicial Conference of the Third Circuit. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## DISCUSSION

Plaintiff's claims are governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(e)(1), a civil action brought against a federal agency or a federal official acting in his or her official capacity must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff, who resides in New Jersey, alleges that Defendants violated his rights during judicial proceedings in Newark, New Jersey, and Philadelphia, Pennsylvania. Plaintiff does not plead the residence of any of the defendants, but he does allege that they are federal judges sitting on the District Court for the District of New Jersey and Court of Appeals for the Third Circuit. Under federal law, with certain exceptions not applicable here, district judges must reside in the district for which they are appointed, 28 U.S.C. § 134(b), and circuit judges must reside within the circuit for which they are appointed, 28 U.S.C. § 44(c). All defendants, therefore, are either residents of the States of New Jersey, Pennsylvania, or Delaware. Because none of the defendants resides in this District, the events giving rise to Plaintiff's claims did not occur in this District, and Plaintiff does not reside in this District, venue is not proper in this Court under Section 1391(e).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff resides in New Jersey, at least one defendant resides in New Jersey, and the events giving rise to his claims occurred, in part, in New Jersey. The State of New Jersey constitutes one judicial district. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(e)(1), and in the interest

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 5, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge